UNIVERSAL C. I. T. CREDIT CORPORATION, A MARYLAND CORPORATION, APPELLANT, *v.* SPARKS E. BONNETT, DBA BONNETTS SERVICE CENTER, RESPONDENT.

No. 4184

October 19, 1959          344 P.2d 941

*Alvin N. Wartman,* of Las Vegas, for Appellant.

*Ralston O. Hawkins* and *Thomas J. O'Donnell,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

The appellant credit corporation, owner of the automobile here involved, executed a conditional sales contract with one Barber who, without the knowledge of

the credit corporation, delivered possession to respondent Bonnett for repairs, which amounted to $402.05. Payment under the conditional sales agreement having been in arrears, appellant demanded possession from Bonnett, who refused to comply with such demand until payment of $300 of his repair bill. The value of the automobile is $600.

It is agreed that the only question involved is whether under NRS 108.290 a garage lien in excess of $300 is in its entirety secondary to the conditional seller's lien, or whether only the excess over and above the $300 is secondary.

The statute provides: "Any lien or liens in excess of $300 * * * shall be secondary lien or liens when the motor vehicle * * * in question is sold or leased on a conditional sales agreement * * *."

The court below traced the development of the law, which in its original state held that the lien for repairs made without the consent of the conditional seller was inferior to the lien or title of such seller; that this was carried into the motor vehicle act of 1917 (Stats. of Nev., 1917, Ch. 213, p. 402), into the motor vehicle act of 1943 (Stats. of Nev., 1943, Ch. 95, p. 121), and into the reenactment thereof in 1945 (Stats. of Nev., 1945, Ch. 211, p. 358). The district judge defined its further progress as follows: "In 1953 the law was amended to provide that any liens in excess of $100.00 would be secondary, meaning, of course, to protect the small garage owner for work amounting to $100.00 or less (Chapter 271, 1953, Stats. of Nev.). Finally in 1957 the amount of $100.00 was increased to $300.00 (1957 Stats. of Nev. Chapter 72), which is the present status of the law (NRS 108.290).

"It is the opinion of the Court that the intent of the Legislature was to protect garage keepers for liens up to $300.00, but that they could waive any claim of lien over and above $300.00 in order to come within the protection of the statute.

"Under the pleadings and stipulated statement of facts, the defendant Bonnett has waived his lien over

and above $300.00, and therefore he comes within the statutory exception of the common-law rule." The court then ordered judgment entered in favor of the credit corporation against Bonnett for possession of the automobile or for the sum of $600 in case delivery could not be made, but that Bonnett be reimbursed in the sum of $300 and the further sum of $100 allowed Bonnett as attorney fees and his costs.

The credit corporation has appealed and asserts error in the foregoing decision and judgment. It asserts that because Bonnett, having acquired a lien in the amount of $402.05, "sought to commence satisfaction of this lien by giving the notice required under paragraph 1, § 108.310 NRS," and having never claimed a lien for $300 or less, his only claim of lien was in the amount of $402.05, clearly in excess of the statutory limit, and therefore secondary to the seller's title. In response to Bonnett's answering brief calling attention to the fact that his answer to the credit corporation's complaint in replevin asserted a lien in the sum of only $300, appellant asserts that the statute does not provide "that a lien holder may divide his lien up into pieces"; that having once asserted his claim for $402.05, he may not now claim that less than that is due. The trial court, in the language quoted above, properly rejected this analysis of the statute in its holding that by Bonnett's waiver of his lien exceeding $300 he had brought himself within the statute.

Affirmed with costs.

PIKE, J., and BROWN, D. J., concur.

McNAMEE, C. J., being disqualified by reason of having presided and having rendered the judgment in the district court, the Governor assigned Honorable Merwyn H. Brown of the Sixth Judicial District to sit in the case.